IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 8 2008

GREGORY C. LANGHAM
CLERK

**'08 - CV - 0 0 2 7 9**  *BNB*

Civil Action No. _____

**(The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.)**

ROBERT A. KILGORE,

      Applicant,

v.

SARA M. REVELL,

      Respondent.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, CONSTRUING
HABEAS ACTION AS *BIVENS* ACTION, AND
INSTRUCTING  APPLICANT TO CURE DEFICIENCIES

---

Applicant Robert A. Kilgore is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at USP Florence. Mr. Kilgore

filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

He failed either to pay the $5.00 filing fee or to file a Prisoner's Motion and Affidavit for

leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court

has determined that the action is deficient as described in this Order. Notwithstanding

the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any

papers that Mr. Kilgore files in response to this Order must include the civil action

number on the Order.

The Court has reviewed the Application and finds that Mr. Kilgore is asserting civil rights claims rather than habeas corpus claims. Mr. Kilgore complains that in the past he has been assaulted and nearly killed by gang members. He further contends that Respondent refuses to assure his safety by keeping him housed in different units or facilities from gang members. Mr. Kilgore seeks release from prison as relief. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Kilgore will be directed to complete the proper, Court-approved form for a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Kilgore must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Kilgore also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise, he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed

pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C.

§ 2241. It is

FURTHER ORDERED that the Clerk of the Court shall change the docket in the

instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr.

Kilgore shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr.

Kilgore, if he desires to proceed *in forma pauperis*, shall complete and file with the

Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.

§ 1915 together with a certified copy of his inmate trust fund account statement for the

six months prior to the filing of the instant action so that the Clerk of the Court may

determine the appropriate initial partial filing fee. Alternatively, he may pay the $350.00

filing fee. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Kilgore two copies

of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Kilgore fails to comply with this Order **within**

**thirty days from the date of this Order**, the action will be dismissed without further

notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Kilgore's

claims until he has complied with this Order.

DATED at Denver, Colorado, this 6ᵗʰ day of _February_, 2008.

BY THE COURT:

_Boyd N. Boland_

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. **'08 - CV - 0 0 2 7 9**

Robert A. Kilgore
Reg. No. 88707-011
USP - Florence
PO Box 7000
Florence, CO 81226

      I hereby certify that I have mailed a copy of the **ORDER and two copies of the
Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915
and Prisoner Complaint** to the above-named individuals on __2-5-08__

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk